**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CR-554 RLW NAB |
| | ) | |
| MARIA SANFILIPPO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Maria Sanfilippo is charged in the Superseding Indictment with Making False Statements to a Bank, Aggravated Identity Theft, Making False Statements in Connection with a Social Security Application, and Making a False Statement in violation of 18 U.S.C. §§ 1001, 1014 and 1028A, and 42 U.S.C. § 1383a(a)(2). [Doc. #57.] On August 11, 2016, the undersigned held an evidentiary hearing on Defendant's Motion to Suppress Statements [Doc. #40]. Defendant was represented by Attorney Bobby E. Bailey and the Government was represented by Assistant United States Attorney Tracy L. Berry. The undersigned will make the following findings of fact and conclusions of law with regard to Defendant's Motion to Suppress.

### FINDINGS OF FACT

Sanfilippo previously pled guilty to one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A and, on September 19, 2013, was sentenced to twenty-four months imprisonment and one year of supervised release and ordered to pay $52,966.00 in restitution (Case No. 4:13-CR-75 JAR).

While on supervised release, Sanfilippo completed and signed a Net Worth Statement dated September 13, 2015. (Ex. 1.) Sanfilippo testified that she received the form before meeting with her probation officer, Anthony Gremaud, and that she filled out part of it at home and part of it at the Probation Office with the help of Gremaud and his supervisor Julie O'Keefe. A section of the form asks the respondent to list any trust assets, including "all trusts to which you are a grantor or donor [the person who establishes the trust], the trustee or fiduciary [who controls the trust assets and income or the beneficiary who has or will receive benefits from the trust]." On Sanfilippo's Net Worth Statement, the words "trustee" and "who controls the trust assets" are underlined and the words "fiduciary," "beneficiary," and "will receive benefits" are crossed out. Her Net Worth Statement lists "The Joseph Sanfilippo Living Trust" under "Name of Trust/Taxpayer ID#," "Unknown" under "Value of Trust," and zero under "Your Annual Income from Trust" and "Your Interest in Trust Assets." Joseph Sanfilippo is Defendant's deceased father.

In addition to her Net Worth Statement, Sanfilippo made verbal statements to Gremaud to the same effect: that she is a trustee of her father's trust but does not receive a benefit from it. Their meetings took place at the Probation Office and Sanfilippo was never placed in handcuffs.

Sanfilippo testified that Gremaud was aware of the investigation that led to this case and that he harassed her regarding the identity of the trust beneficiaries in an effort to move the investigation forward, threatening her with revocation if she did not disclose the beneficiaries. Gremaud testified that the Net Worth Statement was a routine form provided in the ordinary course of business to defendants who owe restitution so that the Probation Office can evaluate their financial situation and determine an appropriate payment level. He further testified that he was not aware of any investigation regarding her father's trust at the time Sanfilippo submitted

the form.  According to Gremaud, his questions to Sanfilippo about the trust were unrelated to any investigation, but rather due to the fact that Sanfilippo disclosed to him that the trust had purchased a houseboat and a vehicle for her.  The undersigned finds Gremaud credible.

## DISCUSSION

Count 7 of the Superseding Indictment charges Sanfilippo with falsely stating on her Net Worth Statement that she does not have any interest in the assets of the Joseph Sanfilippo Living Trust, a trust established by her father, Joseph Sanfilippo, during his lifetime.  The indictment alleges that, after her father's death, Sanfilippo placed assets in the trust and used them for her own benefit.  Sanfilippo seeks to suppress her Net Worth Statement and her statements to her probation officer regarding the trust, arguing that they were taken in violation of her *Miranda* rights.

*Miranda* applies to custodial interrogations. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966).  Interrogation is questioning "that the police should know [is] reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S. Ct. 1682, 1689, 64 L. Ed. 2d 297 (1980).  "Requests for routine information such as name and address, which is necessary for basic identification purposes, is not interrogation for purposes of *Miranda*." *United States v. Jones*, 266 F.3d 804, 812 (8th Cir. 2001).  A probation officer who seeks "routine identification information" as a part of the officer's "normal fact-finding responsibility," for example in a presentence interview, is not required to give *Miranda* warnings. *Id.; see also United States v. McLaughlin*, 777 F.2d 388, 392 (8th Cir. 1985) (pretrial services officer's request for place of employment and home address made because employment and length of residence in the community are factors properly

considered in determining whether to detain or release a criminal suspect pending trial did not constitute interrogation).

Here, Sanfilippo's probation officer credibly testified that obtaining the Net Worth Statement and questioning Sanfilippo regarding her father's trust were part of his normal duties as a probation officer and unrelated to any investigation. The undersigned finds that Sanfilippo was not subject to interrogation and therefore her statements regarding the trust were not taken in violation of *Miranda*. *Jones*, 266 F.3d at 812. The undersigned further finds that, even if Sanfilippo was interrogated, she was not "in custody" for *Miranda* purposes. *Minnesota v. Murphy*, 465 U.S. 420, 429 n.5, 104 S. Ct. 1136, 1143, 79 L. Ed. 2d 409 (1984) (probation interview was non-custodial where probationer was not under arrest, was free to leave at the end of the meeting, and was not held in police custody or by the police themselves in a custodial setting); *cf. United States v. Ollie*, 442 F.3d 1135, 1137-40 (8th Cir. 2006) (holding parolee was in custody when his parole officer ordered him to go to the police station for questioning).

**ACCORDINGLY,**

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Statements [Doc. #40] should be **DENIED.**

The parties are advised that they have fourteen (14) days in which to filed written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

**IT IS HEREBY ORDERED** that the trial of this matter will be set on **Monday, October 3, 2016 at 9:00 a.m.** before the Honorable Ronnie L. White, United States District Judge.

Dated this <u>18th</u> day of <u>August, 2016</u>.

<u>    /s/ Nannette A. Baker     </u>
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE
